HARRY BROWN, for plaintiff in error; L. M. ACKLEY, of counsel.

DOUGLAS C. GREGG, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

' DAMAGES, § 85*—*when deposit under terms of lease treated as penalty.* A deposit made by the lessee with the lessor which by the terms of the lease was to be retained by the lessor in case the lessee failed to restore the front of the building at the expiration of the lease, *held* properly treated by the court as a penalty rather than liquidated damages in a suit to recover it, where the only competent evidence on the estimated cost of restoring the building was offered by plaintiff, from the nature of which it appeared the cost could be computed with approximate certainty.

---

### City of Chicago, Plaintiff in Error, v. E. H. Allen, Defendant in Error.

### Gen. No. 20,006.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. DAVID SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the April term, 1914. Affirmed. Opinion filed January 26, 1915.

### Statement of the Case.

Prosecution by the city of Chicago against E. H. Allen in which defendant was charged with disorderly conduct in violation of a city ordinance. Upon a trial by the court without a jury defendant was acquitted. To reverse the judgment, plaintiff prosecutes a writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The same charge was also preferred and prosecuted at the same time against one Charles E. Selleck, growing out of the same occurrence and with the same result. The evidence and questions being the same, both cases were consolidated in the Appellate Court for hearing. For the decision of the court on the writ of error sued out by Charles E. Selleck, see *City of Chicago v. Selleck,* p. 191, *post.*

WILLIAM H. SEXTON and JAMES S. McINERNEY, for plaintiff in error; ALBERT J. W. APPELL, of counsel.

FRANCIS E. CROARKIN, for defendant in error; FRANCIS W. WALKER,. of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. DISORDERLY CONDUCT, § 1*—*when finding of not guilty sustained by evidence.* On a prosecution for disorderly conduct in violation of a city ordinance, a finding of not guilty *held* not contrary to the evidence where the weight thereof depended mainly upon the credibility of witnesses.

2. APPEAL AND ERROR, § 472*—*when limiting number of witnesses not preserved for review.* Action of court in limiting the number of witnesses, *held* not preserved for review, where no objection was taken to the court's suggestion to that effect, but on the contrary it appeared that counsel appeared to have acquiesced in it.

3. APPEAL AND ERROR, § 1512*—*when action of court in taking judicial notice of character of place witness worked not reversible.* In a prosecution for disorderly conduct, the fact that the court improperly took judicial notice of the bad character of a place in which one of the witnesses at one time worked, *held* not reversible error, where the material fact in controversy was as to who were the aggressors in the fight.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.